UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.  1:26-cv-23514  ____

SAYDA ESCOBAR,

       Plaintiff,

v.

AMERICAN AIRLINES,
INC., a Foreign Profit
Corporation,

       Defendant.

_____/

## COMPLAINT

COMES NOW, the Plaintiff, SAYDA ESCOBAR (hereinafter "PLAINTIFF"), by and through her undersigned attorney and sues the Defendant, AMERICAN AIRLINES, INC., a Foreign Profit Corporation (hereinafter "DEFENDANT" or "AMERICAN"), and as grounds thereof would state as follows:

1.     This is an action for damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees, and combined with the diverse citizenship of the parties is within the subject matter jurisdiction of this Court pursuant to 28 U.S.C. §1332.

2.     This Court is also vested with subject matter jurisdiction under 28 U.S.C. §1331, as the transportation out of which the subject matter of this action arose was "international carriage" within the meaning of the Convention of the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999 ("Montreal Convention"), and the rights of the parties are governed by the provisions of the Montreal Convention, a treaty to which the United States and Guatemala are parties.

3. At all times material hereto, Plaintiff, SAYDA ESCOBAR, was a resident of Palm Beach County, Florida.

4. At all times material hereto, Defendant, AMERICAN AIRLINES, INC., was a foreign corporation operating out of Delaware, and was authorized to do and conduct business in Miami-Dade County, Florida.

5. At all times material hereto, AMERICAN owned, operated, maintained and/or were in control of the Boeing 737 MAX 8 (the "Plane") operating as AA 250 between Miami Florida and Guatemala City, Guatemala.

6. At all times material hereto, AMERICAN was and is in the business of transporting passengers and cargo by air, domestically and internationally.

7. At all times material hereto, AMERICAN, by and through their employees, agents, and representatives undertook a duty and were responsible for deboarding passengers safely.

8. At all times material hereto, AMERICAN, was responsible and liable for the negligent acts and omissions by their employees, agents and representatives that are the proximate and legal cause of injury or damages to the public, residents, guests, patrons and/or its invitees, including the Plaintiff, SAYDA ESCOBAR.

9. At all times material hereto, AMERICAN, was responsible and liable for any accidents resulting in bodily injury to its invitees, including the Plaintiff, SAYDA ESCOBAR, while embarking or disembarking the Plane.

10. At all times material hereto, the Plaintiff, SAYDA ESCOBAR, was a ticketed passenger of AMERICAN and business invitee on the subject Plane traveling to Guatemala on June 7, 2024, and returning to Miami on June 17, 2024.

11.     On or about June 7, 2024, Plaintiff was deboarding the AMERICAN flight AA 250 aircraft when she fell while stepping off the plane onto the passenger boarding bridge.

12.     The subject event was an accident and caused significant bodily injury to Plaintiff requiring surgical intervention.

**COUNT I**
**STRICT LIABILITY UNDER THE MONTREAL CONVENTION**
**AGAINST DEFENDANT, AMERICAN AIRLINES, INC.**

Plaintiff, SAYDA ESCOBAR, repeats and realleges all the allegations contained in paragraphs 1 – 12 above and further states:

13.     Plaintiff, SAYDA ESCOBAR, was traveling on an international AMERICAN flight from Miami to Guatemala prior to the subject incident occurring.

14.     Under Article 17 of the Montreal Convention, Defendant has a duty to provide safe passage to its passengers and is liable for bodily injury and damage suffered by a passenger during the operation of disembarkation, within the meaning of the Montreal Convention.

15.     Defendant failed to provide a safe and secure means of disembarkation for Plaintiff by failing to delay disembarkation until the floor levels between the Plane and the boarding bridge were even, failing to assist an elderly passenger with navigating the transition from plane to boarding bridge, failing to warn Plaintiff of the change in floor levels, and potentially other negligent acts.

16.     The subject incident occurred while Plaintiff was "disembarking" the Plane and stepping onto the passenger boarding bridge.

17.     The subject incident was an "accident" within the meaning of the Montreal Convention and directly caused Plaintiff's fall and resulting injuries.

18.     As a direct, proximate and foreseeable result of Defendant, AMERICAN AIRLINES, INC.'S negligence, Plaintiff, SAYDA ESCOBAR, suffered bodily injury and resulting physical and emotional pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expenses of hospitalization, medical treatment, and aggravation of a previously existing condition.  These losses are permanent and continuing and the Plaintiff will continue to suffer these losses in the future.

**WHEREFORE**, the Plaintiff, SAYDA ESCOBAR, demands judgment against the Defendant, AMERICAN AIRLINES, INC., together with costs and such other and further relief as this Honorable Court may deem just and proper and further demands trial by a jury of all issues so triable.

### DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands trial by jury on all issues so triable.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served along with the Summons.

**FUENTES & BERRIO, LLP**
811 E. Hillsboro Blvd.
Deerfield Beach, Florida 33441
Telephone: (954) 752-1110
Facsimile: (954) 794-1212
E-Service: pleadings@fuentesberrio.com
andres@fuentesberrio.com
viktor@fuentesberrio.com
eric@fuentesberrio.com
paralegal@fuentesberrio.com

By :/s/ *Andres Berrio*
**ANDRES BERRIO, ESQ.**
Florida Bar No.: 405681